IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § | |
| VS. § | Case No. M-19-1995-02 |
| § § § | |
| SUNIL WADHWANI § | |

## DEFENDANT'S OPPOSED MOTION TO DISCLOSE IDENTITY OF ANY AND ALL GOVERNMENT'S CONFIDENTIAL INFORMANTS

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, SUNIL WADHWANI, by and through his undersigned counsel, Michael Wynne, moves this Honorable Court to Disclose Identity of any and all Government's Confidential Informants pursuant to *Roviaro v. United States,* 353 U.S. 53 (1957) and, in support thereof, would show the court as follows:

**I.**

Defendant, Sunil Wadhwani, is charged in a 2-count indictment with Conspiracy to Commit Honest Services Wire Fraud in violation of 18 U.S.C. §1349 and Honest Services Wire Fraud in violation of 18 U.S.C. §§1343 and 1346.

**II.**

Defendant is still in the discovery process, and does not have direct evidence of the existence of any and all confidential informants in this case.

**III.**

The Government has a privilege to preserve the anonymity of a confidential informant in order to encourage communications by private citizens regarding criminal activities to the

Government.  See *U.S. v. Sanchez,* 988 F.2d 1384, 1391 (5th Cir. 1993) citing *Roviaro v. United States,* 353 U.S. 53 (1957). However, this privilege is not absolute and must be "balanced" and cannot override the defendant's due process rights.  *Id.*  "If the privilege interferes with a defendant's due process right to prepare his defense or if disclosure of the information or his communication is essential to a fair determination of the defendant's guilt or innocence, the privilege must give way." *Id.*

The court must follow a three-part test when determining whether the Defendant's constitutional rights are overridden by the Government's privilege. *Id.*  The examining court must determine:

1. The informant's degree of involvement in the crime;
2. The helpfulness of the disclosure to the defense; and
3. The Government's interest in non-disclosure.

In this case, without a hearing on this matter, defense counsel cannot adequately determine to what extent any and all confidential informants were involved.  Further, because the confidential informant is a witness in this case, Defendant has the right to confront, cross-examine, and possibly subpoena the confidential informant.  Further disclosure of any and all confidential informants is necessary to preserve Defendant's right to effective assistance of counsel.  The information provided by any and all confidential informants, including any evidence which could be used to impeach any and all informants, should they testify at trial, may be discoverable under *Brady v. Maryland,* 373 U.S. 83 (1963).  As such, Defendant cannot adequately prepare his defense without the disclosure of any and all confidential informants and an opportunity to question those persons.

WHEREFORE AND PREMISE CONSIDERED, Defendant prays this Court order the United States Attorney to disclose the identity of any and all confidential informants and make

said persons available for an interview with undersigned counsel, or, in the alternative, sets this matter for a hearing, and for any further relief at law or in equity to which Defendant may be entitled.

Dated: October 29, 2019

Respectfully submitted,

By: /s/ Michael Wynne
Michael Wynne
Attorney at Law
State Bar No. 00785289
Gregor|Cassidy|Wynne, PLLC
909 Fannin Street, Suite 3800
Houston, TX 77010
Telephone: (281) 450-7403
mwynne@gcfirm.com

COUNSEL FOR SUNIL WADHWANI

### CERTIFICATE OF CONFERENCE

I have conferred with AUSA Robert Lopez. The Government is opposed to this motion.

By: /s/ Michael Wynne
Michael Wynne

### CERTIFICATE OF SERVICE

This is to certify that on October 29, 2019, a true and correct copy of this motion was served on all parties of record via ECF.

By: /s/ Michael J. Wynne
Michael J. Wynne