**UNITED STATES DISTRICT COURT**
**THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. M-19-1995** |
| | § | |
| **RICARDO QUINTANILLA,** | § | |
| **aka "Richard"** | § | |
| **SUNIL WADHWANI** | § | |

**DEFENDANT SUNIL WADHWANI'S MOTION TO MODIFY ORDER SETTING**
**CONDITIONS OF RELEASE**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Sunil Wadhwani moves to modify the conditions of the Order Setting Conditions of Release (D. 10) pending trial under §3142(c)(B)(v) of the Criminal Code. Wadhwani asks for modification to communicate with his employee, Anil Uttamchandani, regarding the management of his businesses and employees. These businesses include Satesh Limited, which manages seven hotels (each of which is owned and operated by Wadhwani under a separate corporate form). In addition, Wadhwani is the owner and decision maker for a Marriot hotel project currently under construction in San Antonio, Texas. Wadhwani respectfully asks that he be allowed to talk to Uttamchandani—his de facto administrative assistant and general contractor—about business operations. Such communications are necessary to ensure that Wadhwani's companies remain financially sound and operate with as little disruption as possible for the more than 120 employees that rely upon him for employment.

**I.**

Section 3142 allows for release on bond "subject to the least restrictive" conditions that will "reasonably assure" the "safety of the community." *See* CRIM. C. §3142(c)(B). This includes avoiding contact "with a potential witness who may testify concerning the offense." *See* CRIM.

C. §3142(c)(B)(v).  As part of his conditions for release, Wadhwani agreed not to communicate with his employee, Anil Uttamchandani. Defendant asks that this condition be modified to allow him to communicate with Uttamchandani about his businesses, the San Antonio construction project, and his and employees.

As a condition of his release, Wadhwani must "continue … employment."  *See*  D. 10, "Additional Conditions of Release," subpart (e).  He must also "avoid all contact, directly or indirectly, with any person who is or may be a … witness in the investigation or prosecution, …." *Id*. at (j). Wadhwani cannot continue his employment, however, without the ability to communicate with Uttamchandani, who is his administrative assistant, General Contractor, and a potential witnesses at trial.  More importantly, Wadhwani cannot currently communicate with Uttamchandani about any business or employee issues, which puts the Project, the hotels, and his employees at risk.

The Court should modify Wadhwani's conditions of release with respect to Uttamchandani because there is no threat that Wadhwani could influence or change Uttamchandani's testimony as a witness.  Mr. Uttamchandani interviewed with the FBI on two separate occasions:  on or about July 19, 2019 and on October 22, 2019.  Uttamchandani also provided grand jury testimony on October 22, 2019.  The government has, therefore, a record of his sworn testimony on all questions relating to this matter.  The condition that Wadhwani not communicate with Uttamchandani is therefore moot because the government has developed a sworn record of his testimony.  Defendant therefore asks the Court to modify the condition of his release to allow him to communicate about his businesses and employees with Mr. Uttamchandani.

**II.**

- 2 -

Hundreds of employees and vendors depend Wadhwani and Uttamchandani for their jobs. Wadhwani has built and constructed seven hotels over a 20-year span in the Rio Grande Valley. In 2018, his hotels generated a total of approximately $8.5 million in sales.  The hotels are managed by one of his companies, Satesh Limited (the "Company").  Wadhwani also owns and manages five rental buildings in Edinburg, three townhomes, a SPI, and several undeveloped properties throughout the Valley.

Wadhwani employs more than 120 employees, all of whom depend on instructions relating to operations and payroll from Wadhwani being filtered down to Uttamchandani.  Mr. Uttamchandani has no authority to make final decisions for Wadhwani's companies.  He is a skilled and experienced office administrator and general contractor.  But he has never made decisions on Wadhwani's companies' management, operations, finances, or employees.  He lacks both experience and authority in these matters.

Uttamchandani is also responsible for taking instructions from Wadhwani to manage more than 100 vendors.  The vendors include all professional services provides such as bankers, insurance brokers, accountants, payroll services, and subcontractors, among others.  Prior to his indictment, Wadhwani talked to Uttamchandani multiple times per day about operational issues facing the various hotel general managers, the financial condition of the company and hotels, cash flow and major expenses, and requirements from lawyers, bankers, accountants, and other professional services providers.  It is undisputed that Wadhwani has been the decision maker for his companies for more than two decades.

There are at least six major issues at this time that require extensive communication between Messrs. Uttamchandani and Wadhwani.  Five of these issues are:

- **Employees.**  The Company employs more than 120 people who depend on Wadhwani for their livelihood.  Because of the litigation, Wadhwani's companies must streamline expenses to ensure that they are not forced to lay off employees.

- **Contingency Plan.**  There is no contingency plan in place in the event that Wadhwani cannot operate or control his companies after trial.  Developing a plan will take several months.  Uttamchandani is requesting communications with Wadhwani to prepare a contingency plan to ensure employment for employee in the event that Wadhwani is unable to direct his companies after the trial.

- **Bank Refinancing.**  The Company is attempting to refinance a loan that is requiring a lot of paperwork and multiple communications with the lenders involved.

- **Property Taxes.**  Wadhwani's companies' taxes are due in October and November 2019.  Mr. Uttamchandani needs to be able to communicate with Wadhwani to allocate funds as needed for tax purposes.

- **Payroll Services.**  Wadhwani's companies' are in the midst of changing their payroll service provider.  Uttamchandani has identified multiple issues with the proposed contract/employee benefits/logistics and other aspects of the switch over that need to be discussed.

Although Mr. Uttamchandani has experience as a General Contractor and de facto administrative assistant, he lacks knowledge and experience when it comes to downsizing, preserving jobs for employees, banking and refinancing, and related services.  Moreover, there is no contingency plan in place in the event that Mr. Wadhwani is unable to manage the companies after trial.  Thus, it is imperative that Uttamchandani and Wadhwani be allowed to communicate and develop a plan to manage the companies up to and after trial.

The fifth issue is even more challenging:  Wadhwani's company, Tri Wanis Ventures LLC, is currently building a 4-story, 109-room Marriott TownePlace Suites at the Rim (the "Project") in San Antonio, Texas.  The Project is scheduled for completion in December 2019.  As with any construction project of this size, it is imperative that the lines of communication remain open between the Owner, Wadhwani; the General Contractor, Uttamchandani; and the Project Supervisor, and other construction managers (collectively the "Project Team").  The Project is new and unique to the Project Team, which has never built a Marriott hotel.  Marriott is a franchisor

with building specifications and construction requirements that exceed Wadhwani's previous hotel projects with La Quinta and Motel 6.  San Antonio's municipal guidelines and construction codes are more stringent than most other Texas cities.   The Project Team cannot make decisions regarding major construction issues and cash flow without the input of Wadhwani.

The Project is the first of its kind undertaken by Wadhwani and the Project Team outside of the Rio Grande Valley.   The Project Team does not have daily access to the job site, therefore the ability to communicate quickly and amongst the Project Team is paramount.    Mr. Wadhwani's inability to communicate with the Project Team is negatively impacting the schedule and project completion date, including the Project Team's ability to effectively coordinate with subcontractor's to complete work on the project.

## IV.

Hundreds of people rely upon Defendant for their jobs.  To ensure their livelihood, Wadhwani needs to communicate with Uttamchandani about his businesses, the San Antonio construction project, and a contingency plan in the event he can no longer manage his companies and employees after the trial—a plan that will take months to fully develop.  The government has preserved Uttamchandani's testimony through two interviews with the FBI and grand jury testimony.  Because Uttamchandani's testimony is in the record, any concern about Wadhwani' influencing his testimony is moot.  Accordingly, this motion should be granted.

## V.    PRAYER

Based on the foregoing, Defendant Sunil Wadhwani respectfully prays that this motion be in all things granted and that he be afforded any and all further relief, in law and equity, to which he is justly entitled.

October 29, 2019

Respectfully submitted,

GREGOR|CASSIDY|WYNNE, PLLC


By: */s/ Michael Wynne*

Michael Wynne
Attorney at Law
State Bar No. 00785289
909 Fannin Street, Suite 3800
Houston, TX 77010
Telephone: (281) 450-7403
Mwynne@gcfirm.com

**Attorney for Sunil Wadhwani**

## CERTIFICATE OF CONFERENCE

Counsel of record for Defendant conferred with the U.S. attorney's office on October 29, 2019. The government is opposed to this motion.

By: /s/ Michael Wynne
Michael Wynne

## CERTIFICATE OF SERVICE

This is to certify that on October 29, 2019, a true and correct copy of this motion was served on all parties of record via ECF.

By: /s/ Michael J. Wynne
Michael J. Wynne