UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. M-19-1995 |
| | § | |
| RICARDO QUINTANILLA, | § | |
| aka "Richard" | § | |
| SUNIL WADHWANI | § | |

**DEFENDANT SUNIL WADHWANI'S OPPOSED MOTION TO DISMISS BASED ON THE GOVERNMENT'S MISUSE OF THE GRAND JURY AND MOTION FOR LEAVE, OR IN THE ALTERNATIVE, TO STRIKE OR EXCLUDE EVIDENCE**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Sunil Wadhwani moves to dismiss all counts of the Indictment based on the government's misuse of the grand jury as a post-Indictment discovery tool in an effort improperly buttress their case. In the alternative, Wadhwani moves to strike or exclude evidence collected by the government through testimony of witnesses who appeared before the grand jury after he was indicted on October 9, 2019.

To support this motion, Defendant further requests that the Court order the government to produce to Defendant the grand jury transcripts of fact witnesses Anil Uttamchandani and Oscar Rodriguez, and any other witnesses or evidence presented to the grand jury after the Indictment. Defendant asks for leave to supplement this motion to cite relevant passages of the grand jury testimony and evidence and, after supplementation, for a hearing on the merits to establish the government's abuse of the grand jury process.

**I.**

The indictment in this case was filed on October 9, 2019. (D. 11) Mr. Wadhwani is charged with two counts: (i) conspiracy to commit honest services wire fraud and (ii) honest

services wire fraud. On the date the Indictment was handed down, with regard to the offenses charged, the grand jury's work was completed. By definition, an indictment is a finding of probable cause. The government, however, continued to use the grand jury in this matter to take testimony from witnesses and to collect evidence related to the pending Indictment. This is an abuse of the grand jury process.

It is well-settled that a grand jury cannot be used to continue gathering evidence relating to charged offenses after an Indictment is issued. *See, e.g., United States v. Breitkreutz*, 977 F.2d 214, 217 (6th Cir. 1992) (a court may interfere with a grand jury investigation if the sole or dominant purpose is to discover facts relating to a defendant's pending indictment); *In re Grand Jury Investigation (General Motors Corp.)*, 32 F.R.D. 175, 183 (S.D. New York 1963) (acknowledging that government may not use a grand jury to accumulate evidence or "achieve impermissible criminal discovery" related to a pending criminal indictment). This has been the law for nearly a century. *See In re National Window Glass Workers*, 287 F. 219, 227. (N.D. Ohio 1922).

In the seminal decision of *National Window Glass*, an indictment was pending when the government issued subpoenas for witness testimony in advance of and in preparation for trial. *Id*. at 227. The defendants succeeded in having the subpoenas vacated on the ground that the grand jury investigation was not instituted in good faith. Undeterred, the government issued more subpoenas for the purpose of investigating the same conspiracy before a different grand jury. The court concluded that the dominant (and only) purpose for to subpoena witness testimony before the grand jury was to examine witnesses in advance of trial. *Id*. The court concluded that the "dominating, if not the only, object of the present investigation is to examine witnesses in advance of trial, find out what their testimony is to be, so as to use it in that trial,

and to obtain the possession and production of documents for that purpose." *Id*. at 227.

That is the case here. On information and belief, at the prosecutors' instigation, the grand jury continued its work, issuing subpoenas and hearing testimony of witnesses on or about October 22, 2019. Those witnesses included the person identified as Person A in this indictment, Defendant's business manager and bookkeeper, as well as Defendants' personal banker. Upon information and belief, those witnesses were questioned and asked to testify about the events comprising the alleged scheme to defraud as outlined in the indictment. Indeed, upon information and belief those witnesses were not questioned about anything outside the framework of the events described in "The Scheme to Defraud," "The Scheme to Defraud," "Purpose of the Conspiracy," "Manner and Means of the Conspiracy," and "Overt Acts" sections of the indictment.

There is no credible reason to subpoena grand jury testimony after handing down the Indictment from the banker, Oscar Rodriguez. The record shows that his only role was to approve the private loan to finance the construction of the Motel 6. The sole purpose for calling him to testify is to obtain fact testimony to support the government's claims at trial. Indeed, the only plausible purpose—other than the disallowed purpose of gathering evidence to call Person A and the personal banker was to harass and intimidate them—is to prejudice the local Indian community against the Defendant.

The government is likely to argue the well-worn defense that the "sole or dominant purpose" in subpoenaing testimony from Rodriquez and Uttamchandani after Wadhwani was indicated was to investigate them as conspirators. But this argument does not square with the law or facts for two reasons:

First, to prevail on this argument, the government must show that Uttamchandani and

Rodriguez were *unknown* to them at the time of the Indictment. *Breitkreutz*, 977 F.2d 214 at 217 (government may investigate persons in a conspiracy who were "unknown" to them at the time of an indictment). Thus, even assuming that the government believes Uttamchandani was a co-conspirator with Wadhwani, the record shows that Uttamchandani was *known* to the government at the time of the Indictment on October 9, 2019. Indeed, Uttamchandani was interviewed by the FBI on or around July 19, 2019—almost four months before the Indictment was issued.

Moreover, by July 2019, Wadhwani had provided the government with documents showing that Rodriguez was the key banker who financed the Motel 6 hotel project. Both Uttamchandani and Rodriguez were *known* to the government months in advance of the October 9, 2019 Indictment. On this record, it is reasonable to conclude that the government presented Uttamchandani and Rodriguez to the grand jury for the dominant purpose of discovering facts to support the Indictment. This is an abuse of the grand jury process.

Second, Wadhwani was charged with conspiracy to commit honest services wire fraud and honest services wire fraud. The government's conspiracy charge casts a broad net. There is no other legal claim to charge Wadhwani with on these facts. Thus, the government cannot claim that it required additional witness testimony and evidence to determine if additional legal charges against Wadhwani were warranted.

The record shows that Rodriguez and Uttamchandani were known to the government prior to indicting Wadhwani on October 9, 2019. Despite this, the government subpoenaed their testimony after the Indictment was issued. The record supports the conclusion that this was done to help the government discovery facts to support their claims against Wadhwani. The government's misconduct is an abuse of the grand jury process.

## II.    PRAYER

The record raises more than an inference that the government abused the grand jury process. Defendant respectfully prays that the Court order the government to produce the subject grand jury transcripts and that Defendant be allowed to supplement this motion accordingly. Upon a hearing, Defendant asks this Court to dismiss the Indictment. Alternatively, Defendant asks the Court to strike any and all evidence derived from the grand jury testimony of Person A, Anil Uttamchandani, and banker Oscar Rodriguez. Defendant further requests all relief, in law and equity, to which he is justly entitled.

October 29, 2019

Respectfully submitted,

GREGOR|CASSIDY|WYNNE, PLLC


By: */s/ Michael Wynne*

Michael Wynne
Attorney at Law
State Bar No. 00785289
909 Fannin Street, Suite 3800
Houston, TX 77010
Telephone: (281) 450-7403
Mwynne@gcfirm.com

*Attorney for Sunil Wadhawani*

## CERTIFICATE OF CONFERENCE

Counsel of record for Defendant conferred with the U.S. attorney's office on October 29, 2019. The government is opposed to this motion.

By:  /s/ Michael Wynne
Michael Wynne

## CERTIFICATE OF SERVICE

This is to certify that on October 29, 2019, a true and correct copy of this motion was served on all parties of record via ECF.

- 6 -

                                          By: /s/ Michael J. Wynne
                                                 Michael J. Wynne