IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § § § |
| v. | §   Case No. M-19-1995-02 |
| | § § § |
| SUNIL WADHWANI | § |

**DEFENDANT SUNIL WADHWANI'S OPPOSED MOTION REQUESTING A DETERMINATION OF THE ADMISSIBILITY STATEMENTS BY ALLEGED CO-CONSPIRATORS**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Sunil Wadhwani moves the Court to order a *James* hearing. *See United States v. James*, 590 F.2d 575 (5th Cir. 1979). With each and every alleged co-conspirator statement offered during this trial, the *James* questions will have to be raised and answered: (1) were the statements made by individuals who, along with Sunil Wadhwani, were members of the alleged conspiracy; (2) were they made during the course of the alleged conspiracy; and (3) were they made in furtherance of the alleged conspiracy? *Id.*; Fed. R. Evid. 801(d)(2)(E). In other words, are these predicate "conspiracy" facts related to the allegations in the Indictment?

The relevance and inadmissibility of all hearsay evidence—especially any hearsay statements made by Ricardo Quintanilla, Person A, Person B, and Commissioner A—hinges on its relationship to Sunil Wadhwani. Therefore, these central questions of law and fact—the *James* questions—are unavoidable and cannot be postponed. They are as ripe as they will ever be for resolution, since the orderly and fair presentation of all evidence at trial will depend on them. The jury has not yet been seated, so now is the time to avoid the type of prejudice against

which the *James* Court warned. A *James* hearing should be scheduled as soon as possible at the Court's convenience.

I.

In *James*, the Fifth Circuit recognized the problems posed by a multi-conspirator case, where at times hearsay from one co-conspirator can prejudice another co-conspirator. It first acknowledged and then fashioned a procedure (the *James* hearing) to deal with the reality that it is virtually impossible to avoid prejudice arising from the constant repetition of inadmissible statements simply by continually instructing the jury that they may be asked to disregard a co-conspirator's hearsay statements at the end of the trial.

The admissibility of a co-conspirator's declarations in a conspiracy trial, however, does pose problems precisely because they are relevant. Such evidence endangers the integrity of the trial because the relevancy and apparent probative value of the statements may be so highly prejudicial as to color other evidence even in the mind of a conscientious juror—despite instructions to disregard the statements or to consider them conditionally. *James*, 590 F.2d at 579.

Federal Rule of Evidence 104 provides in pertinent part that "[p]reliminary questions concerning the admissibility of evidence shall be determined by the Court and that any hearings on such preliminary matters shall be "conducted out of the hearing of the jury." Fed. R. Evid. 104(a), (c). The decision in *James* does not necessarily mandate a pre-trial hearing outside the presence of the jury. Where prejudice is not likely to result, a trial court could hold a hearing during a break in trial or at sidebar, or consider the issue at the end of the Government's case in chief. Nevertheless, *James* does instruct district courts to find the predicate facts before

admitting out-of-court co-conspirator declarations unless there is some particular reason that it would be inconvenient. In this instance, Defendant

Both because of the "danger" to the Defendant if the statement is not connected and because of the inevitable serious waste of time, energy and efficiency when a mistrial is required in order to obviate such danger, Defendant contends that the present procedure warrants the statement of a preferred order of proof in such a case. The district court should, whenever reasonably practicable, require the showing of a conspiracy and of the connection of the defendant with it before admitting declarations of a co-conspirator. If it determines it is not reasonably practical to require the showing to be made before admitting the evidence, the court may admit the statement subject to being connected up. *James*, 590 F.2d at 582.

There would be little inconvenience from such a hearing. In fact, it will be much easier to flesh out the true factual basis for Sunil Wadhwani's alleged knowledge and agreement in one fell swoop outside of the hearing of the jury and before the trial, than to allow witness after witness to provide testimony to the jury that is inadmissible against him, burdened time and again by questioning on predicate facts and the recitation of curative and cautionary instructions to a diligent but increasingly befuddled jury. This is the very reason the Fifth Circuit devised the *James* Hearing.

Trial judges may elect one or the other of these proceedings according to their own perception of the dangers of proceeding without them, and being mindful of the teaching of *James* that the improper admission of hearsay to the prejudice of the defendant can rarely be eliminated by curative or cautionary instructions. *See United States v. Ricks*, 639 F.2d 1305 (5th Cir. 1981) (describing trial courts' practice and examining the reasons for *James* Hearings). In

*Bruton v. U.S.,* 391 U.S. 123, 88 S. Ct. 1620, 20 L.Ed.2d 476 (1968), the Supreme Court held that the defendant is deprived of his rights under the Confrontation Clause of the Sixth Amendment when his co-defendant's incriminating statement is introduced at their joint trial. This occurs even if the jury is instructed to consider those statements only against the co-defendant. Finally, in *Cruz v. New York,* 481 U.S. 186, 107 S. Ct. 1714, 95 L.Ed.2d 162 (1987), the Court held that "where a non-testifying codefendant's confession incriminating the defendant is not directly admissible against the defendant . . . the Confrontation Clause bars its admission at their joint trial, even if the jury is instructed not to consider it against the defendant." *Id.* 107 S. Ct. at 1719. Defendant Sunil Wadhwani has received no assurance from the government that such statements are not part of the government's case and the government does not intend to introduce such statements into evidence. In fact, it is believed that such statements exist, and that the Government intends to use them at trial.

Because of the government's likely course of action, this Court should schedule a *James* Hearing. The Government will then be required to show whether there is a preponderance of evidence that Sunil Wadhwani was a knowing and willing participant in any conspiracy—let alone whether its evidence against him consists of statements made during and in furtherance of that alleged conspiracy.

## II.

For the foregoing reasons, Defendant Sunil Wadhwani prays the Court conduct a separate hearing

outside the presence of the jury to determine the admissibility of any co-conspirator statements.

October 29, 2019.

        Respectfully submitted,

        GREGOR|CASSIDY|WYNNE, PLLC

        By: */s/ Michael Wynne*
        Michael Wynne
        Attorney at Law
        State Bar No. 00785289
        909 Fannin Street, Suite 3800
        Houston, TX 77010
        Telephone: (281) 450-7403
        mwynne@gcfirm.com

        ***Attorney for Defendant Sunil Wadhwani***

## CERTIFICATE OF CONFERENCE

I have conferred with AUSA Robert Lopez.  The Government is opposed to this motion.

        By:  /s/ *Michael Wynne*
        Michael Wynne

## CERTIFICATE OF SERVICE

This is to certify that on October 29, 2019, a true and correct copy of this motion was served on all parties of record via ECF.

        By:  /s/ *Michael J. Wynne*
        Michael J. Wynne