UNITED STATES DISTRICT COURT THE
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. M-19-1995 |
| | § | |
| RICARDO QUINTANILLA, | § | |
| aka "Richard" | § | |
| SUNIL WADHWANI | § | |

**DEFENDANT SUNIL WADHWANI'S FIRST AMENDED
MOTION TO MODIFY ORDER SETTING CONDITIONS OF RELEASE**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Sunil Wadhwani moves to modify the conditions of the Order Setting
Conditions of Release (D. 10) pending trial under §3142(c)(B)(v) of the Criminal Code.
Wadhwani asks for modification to communicate with his employee Anil Uttamchandani, and
his business partner Harjinder "Johnny" Singh, regarding the management of his businesses and
employees. These businesses include Satesh Limited, which manages seven hotels (each of
which is owned and operated by Wadhwani under a separate corporate form). In addition,
Wadhwani is the owner and decision maker for a Marriott hotel project currently under
construction in San Antonio, Texas. Wadhwani respectfully asks that he be allowed to talk to
Uttamchandani—his de facto administrative assistant and general contractor—and Mr. Singh
about their business operations. Such communications are necessary to ensure that Wadhwani's
companies remain financially sound and operate with as little disruption as possible for the more
than 120 employees that rely upon him for employment.

**I.**

Section 3142 allows for release on bond "subject to the least restrictive" conditions that
will "reasonably assure" the "safety of the community." *See* CRIM. C. §3142(c)(B). This includes

avoiding contact "with a potential witness who may testify concerning the offense." *See* CRIM. C. §3142(c)(B)(v).  As part of his conditions for release, Wadhwani agreed not to communicate with his employee Anil Uttamchandani and his business partner Johnny Singh.  Defendant asks that this condition be modified to allow him to communicate with Uttamchandani and Singh about his business operations, the San Antonio construction project (the "Project"), and his employees.

As a condition of his release, Wadhwani must "continue … employment." *See*  D. 10, "Additional Conditions of Release," subpart (e).  He must also "avoid all contact, directly or indirectly, with any person who is or may be a … witness in the investigation or prosecution, …." *Id*. at (j). These two provisions are in conflict.  Wadhwani cannot continue his employment without the ability to communicate with Uttamchandani, who is his administrative assistant and General Contractor.  More importantly, Wadhwani cannot currently communicate with Uttamchandani or Singh about his businesses or employees, which puts the Project, his hotels, and employees at risk.

The Court should modify Wadhwani's conditions of release with respect to communications with Uttamchandani and Singh.  There is no threat that Wadhwani could influence or change Uttamchandani's testimony as a witness.  Mr. Uttamchandani interviewed with the FBI on two separate occasions:  on or about July 19, 2019 and on October 22, 2019. Uttamchandani also provided grand jury testimony on October 22, 2019.  The government has, therefore, a record of his sworn testimony on all questions relating to this matter.  The condition that Wadhwani not communicate with Uttamchandani is therefore moot because the government has developed a sworn record of his testimony.

Similarly, the restrictions regarding communications between Wadhwani and Singh should be modified to allow them to discuss business issues.  Although he is not, on information

and belief, an actual shareholder in any of Wadhwani's businesses, Singh has been Wadhwani's de facto business partner and advisor for more than three decades.  Prior to this matter, Wadhwani had a company management meeting every two weeks with Singh, Uttamchandani, hotel managers, and high-level administrative staff.  Because of the bond conditions, Wadhwani has not held a management meeting in more than a month.  These meetings are essential because they provide a forum for the company's management to exchange ideas, voice opinions and concerns, and discuss the state of operations at each hotel and property.

Mr. Singh is well known and established within the Indian business community, which consists of a large number of hotel and restaurant owners.  As such, he is a central figure in maintaining operations and the reputation of Mr. Wadhwani's businesses in the community.  Singh is highly knowledgeable about the details and issues facing the hospitality business in the community.  He is essential for maintaining the viability of Wadhwani's businesses and key to developing a contingency plan to protect the employment of Wadhwani's employees.

In summary, the best interest of the community is served by allowing Wadhwani to talk to Uttamchandani and Singh about business matters facing Wadhwani's hotels, properties, and employees during this difficult period in his life.

## II.

Hundreds of employees and vendors depend Wadhwani, Uttamchandani, and Singh for their jobs.  Wadhwani has built and constructed seven hotels over a 15-year span in the Rio Grande Valley.  In 2018, his hotels generated a total of approximately $8.5 million in sales.  The hotels are managed by one of his companies, Satesh Limited (the "Company").  Wadhwani also owns and manages five rental buildings in Edinburg, three townhomes on South Padre Island, and several undeveloped properties throughout the Valley.

Wadhwani employs more than 120 employees, all of whom depend on instructions relating to operations and payroll from Wadhwani being filtered down through Uttamchandani. Mr. Uttamchandani has no authority to make final decisions for Wadhwani's companies. He is a skilled and experienced office administrator and general contractor. But he has never made decisions about management, operations, finances, or employees. He lacks both experience and authority in these matters.

Uttamchandani is also responsible for taking instructions from Wadhwani to manage more than 100 vendors. The vendors include all professional services provides such as bankers, insurance brokers, accountants, payroll services, and subcontractors, among others. Prior to his indictment, Wadhwani talked to Uttamchandani multiple times per day about operational issues facing the various hotel general managers, the financial condition of the company and hotels, cash flow and major expenses, and requirements from lawyers, bankers, accountants, and other professional services providers. It is undisputed that Wadhwani has been the decision maker for his companies for more than two decades.

Similarly, Singh is experienced in working with vendors and subcontractors, but he lacks direct knowledge of the day-to-day operations of many of the hotels managed by Uttamchandani. Singh's business experience and reputation are invaluable to the continued viability of Wadhwani's businesses. The best interest and safety of the community is served by modifying the restrictions related to business communications in a reasonable and practical manner to allow for basic business communications.

There are at least six major issues at this time that require extensive communication between Messrs. Uttamchandani, Wadhwani, and Singh. Five of these issues are:

- **Employees.** The Company employs more than 120 people who depend on Wadhwani for their livelihood. Because of the litigation, Wadhwani's companies must streamline

expenses to ensure that they are not forced to lay off employees.  He needs information and advice from Uttamchandani and Singh to manage his employees.

- **Contingency Plan.**  There is no contingency plan in place in the event that Wadhwani cannot operate or control his companies after trial.  Developing a plan will take several months.  Uttamchandani is requesting communications with Wadhwani to prepare a contingency plan to ensure employment for employee in the event that Wadhwani is unable to direct his companies after the trial.  Because of his nearly three-decades of experience, Singh is an invaluable part of developing a contingency plan to protect the jobs of Wadhwani's employees.

- **Bank Refinancing.**  The Company is attempting to refinance a loan that is requiring significant paperwork and multiple communications with the lenders involved.

- **Property Taxes.**  Wadhwani's companies' taxes are due in October and November 2019.  Mr.  Uttamchandani needs to be able to communicate with Wadhwani to allocate funds as needed for tax purposes.

- **Payroll Services.**  Wadhwani's companies' are in the midst of changing their payroll service provider.  Uttamchandani has identified multiple issues with the proposed contract/employee benefits/logistics and other aspects of the switch over that need to be discussed.

Although Mr. Uttamchandani has experience as a General Contractor and de facto administrative assistant, he lacks knowledge and experience when it comes to downsizing, preserving jobs for employees, banking and refinancing, and related services.

Moreover, there is no contingency plan in place in the event that Mr. Wadhwani is unable to manage the companies after trial.  Thus, it is imperative that Uttamchandani, Singh, and Wadhwani be allowed to communicate and develop a plan to manage the companies up to and after trial.

The fifth issue is even more challenging:  Wadhwani's company, Tri Wanis Ventures LLC, is currently building a 4-story, 109-room Marriott TownePlace Suites at the Rim (the "Project") in San Antonio, Texas.  The Project is scheduled for completion in December 2019.  As with any construction project of this size, it is imperative that the lines of communication remain open between the Owner, Wadhwani; the General Contractor, Uttamchandani; the Project Supervisor;

as well as other construction managers (collectively the "Project Team").  The Project is new and unique to the Project Team, which has never built a Marriott hotel.  Marriott is a franchisor with building specifications and construction requirements that exceed Wadhwani's previous hotel projects with La Quinta and Motel 6.  San Antonio's municipal guidelines and construction codes are more stringent than most other Texas cities.  The Project Team cannot make decisions regarding major construction issues and cash flow without the input of Wadhwani.

The Project is the first of its kind undertaken by Wadhwani and the Project Team outside of the Rio Grande Valley.   The Project Team does not have daily access to the job site, therefore the ability to communicate quickly and amongst the Project Team is paramount.  Mr. Wadhwani's inability to communicate with the Project Team is negatively impacting the schedule and project completion date, including the Project Team's ability to effectively coordinate with subcontractor's to complete the Project.

### III.

Hundreds of people rely upon Defendant for their jobs.  To ensure their livelihood, Wadhwani needs to communicate with Uttamchandani and Singh about his businesses, the San Antonio Project, and a contingency plan in the event he can no longer manage his companies and employees after the trial—a plan that will take months to fully develop.  The government has preserved Uttamchandani's testimony through two interviews with the FBI and grand jury testimony.  Because Uttamchandani's testimony is in the record, and Singh is a tangential witness at best, any concern about Wadhwani' influencing their testimony is moot.  Accordingly, this motion should be granted.

### IV.

Based on the foregoing, Defendant Sunil Wadhwani respectfully prays that this motion be in all things granted and that he be afforded any and all further relief, in law and equity, to which

he is justly entitled.

      November 6, 2019

                             Respectfully submitted,

                             GREGOR|CASSIDY|WYNNE,  PLLC

                             By: */s/ Michael Wynne*     

                             Michael Wynne
                             Attorney at Law
                             State Bar No. 00785289
                             909 Fannin Street, Suite 3800
                             Houston, TX 77010
                             Telephone: (281) 450-7403
                             Mwynne@gcfirm.com

                             ***Attorney for Sunil Wadhwani***

### CERTIFICATE OF CONFERENCE

      Counsel of record for Defendant conferred with the U.S. attorney's office on October 29, 2019.  The government is opposed to this motion.

                             By:  /s/ Michael Wynne     
                                   Michael Wynne

### CERTIFICATE OF SERVICE

      This is to certify that on November 6, 2019, a true and correct copy of this motion was served on all parties of record via ECF.

                             By:  /s/ Michael J. Wynne   
                                   Michael J. Wynne