UNITED STATES DISTRICT COURT THE
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. M-19-1995 |
| RICARDO QUINTANILLA,<br>    aka "Richard" and | § § § § | |
| SUNIL WADHWANI | § | |

**DEFENDANT SUNIL WADHWANI'S MOTION TO COMPEL**

Defendant Sunil Wadhwani moves to compel the government to fulfil its *Brady* obligations and to produce evidence material to his defense.

Trial is set for December 3, 2019.

In the last week, the government has moved to disqualify Defendant's lead attorney of the past seven months and requested a continuance of the trial setting at the eleventh hour.

Not only is the government not prepared for trial, but it has not complied with its basic discovery obligations to defendant. Under *Brady* and *Giglio*, the government has a constitutional obligation to disclose evidence favorable to the accused where such evidence is material either to guilt or punishment. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963). Under *Giglio*, the government's *Brady* obligations are extended to "evidence that is useful to impeach the credibility of a government witness." *See United States v. Coppa*, 267 F.3d 132, 139 (2d Cir. 2001) (citing *Gigilo v. United States*, 405 U.S. 150, 154 (1972)).

The government, by its own admission in motions it filed recently, has not produced phone records and e-mails related to a subpoena or multiple subpoenas that it served on third-party companies. The government assured the defense it would receive copies of transcripts for each

witness brought before the grand jury in this matter but it has not delivered on that assurance. The government has not produced evidence related to prosecution witnesses, although it admitted it exists. Nor has the government so much as produced defendant's own statements and records of his statements to the investigating agencies, which defendant assuredly knows exist. These are a few of the items that have not been produced by the government even though trial is set for December 3, 2019. Production would not have been complicated or time-intensive.

The Defendant now must move to compel the following materials:

1. **Subpoenaed Documents.** Any documents received by the government in relation to subpoenas served on third parties, including but not limited to emails, phone records and other documents and materials.

2. **Grand Jury Transcripts.** Defendants move to compel copies of grand jury transcripts related to any witness called to testify before the grand jury in this matter, and transcripts of any prosecution witness in this matter who testified before grand juries in any other matter in which an Indictment was issued arising out of the broader Weslaco investigation.

3. **Impeachment Evidence.** The government admits that it has material impeachment evidence related to a prosecution witness named Leo Lopez. The Defendant moves to compel all exculpatory or impeachment evidence related to Lopez or any other prosecution witness.

4. **302's.** The government has allowed defense counsel to read a single 302 related to Lopez dated September 11, 2019. The defense moves to compel all 302's the FBI has regarding Lopez related to any and all matters in which he has provided information in the last five years. Defendant further moves to compel the 302s related to its own witnesses, including but not limited to Wadhwani, Anil Uttamchandani, and Johnny Singh.

5. **Recordings.** Defendant moves to compel any and all records or recordings of conversations, telephone calls, or other communications related to the investigation leading to this Indictment.

6. **Government Evidence File.** Because the information in the 302's the government has provided and the accompanying agent notes are detailed, Defendant moves to compel physical copies of the evidence and materials in the government's possession. Defendant is willing to enter into a confidentiality agreement, if necessary, to obtain a complete copy of the government's file. Providing a physical copy will not prejudice the government but it will greatly assist defense counsel in expediting cross

examination at trial, particularly by readily being able to cross reference dates of various communications and meetings.

Defendant requests the production of these materials immediately, along with an order requiring the government to supplement within 12 hours of receipt of new or additional evidence.

## CONCLUSION & PRAYER

Defendant Sunil Wadhwani asks this Court to grant this motion to compel, and to order the government to produce materials immediately, and to supplement its production within 12 hours of receipt of new or additional evidence.

December 1, 2019.

McAllen, Texas.

          Respectfully submitted,

          GREGOR|CASSIDY|WYNNE PLLC

          By: */s/ Michael Wynne*
          Michael Wynne
          Texas State Bar No. 00785289
          Shannon Drehner
          Texas State Bar No. 24074155
          909 Fannin Street, Suite 3800
          Houston, TX 77010
          Telephone: (281) 450-7403
          Fax: (713) 759-9555
          mwynne@gcfirm.com
          shannon@drehnerlaw.com

          David G. Oliveira
          ROERIG, OLIVEIRA & FISHER, L.L.P.
          506 East Dove Avenue
          McAllen, TX 78504
          Telephone: (956) 393-6300
          Fax: (956) 386-1625
          doliveria@rofllp.com

          ***Attorneys for Defendant Sunil Wadhwani***

## CERTIFICATE OF SERVICE

    This is to certify that on December 1, 2019, a true and correct copy of this motion was served on all parties of record via ECF.

                                        By: /s/ *Michael J. Wynne*
                                              Michael J. Wynne