UNITED STATES DISTRICT COURT THE
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. M-19-1995 |
| | § | |
| RICARDO QUINTANILLA, | § | |
| aka "Richard" and | § | |
| | § | |
| SUNIL WADHWANI | § | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION FOR CONTINUANCE
AND REQUEST TO DESIGNATE THIS CASE AS COMPLEX**

Defendant Sunil Wadhwani opposes the government's untimely motion for continuance and asks the Court to reaffirm his right to a speedy trial.

## FACTUAL BACKGROUND

Sunil Wadhwani is a local businessman and U.S. citizen who has lived and worked in the Rio Grande Valley for nearly 40 years. In the last 15 years, Wadhwani has built seven hotels in the Valley. In 2018, the hotels generated a total of approximately $8.5 million in gross sales. His hotels and other businesses employ more than 120 people and work with more than 100 vendors. In addition to providing a livelihood and financial security to hundreds of individuals, Wadhwani is a member of several local boards and actively contributes to the McAllen community, including significant support for the Yaqui Animal Rescue.

In early 2013, Wadhwani secured just under $3 million in bank financing to build the Motel 6 project in Weslaco, Texas. In late 2012 or early 2013, the EDC agreed in principal to give Wadhwani's company $300,000 to make improvements to public infrastructure.

The government claims that Wadhwani indirectly bribed a Weslaco Commissioner ("Commissioner A") *after* the EDC finalized the agreement for $300,000. The government's

theory begs the question: Why would Wadhwani bribe someone with a small amount of money when the EDC had already committed to providing the $300,000 for the project?  Especially when he signed a personal guarantee to repay the $300,000 to the EDC if the project failed?[1]

The government, in its rush to beat the statute of limitations, never answered these fundamental questions.  The facts alleged in the Indictment are illogical and unsupported in other respects, as well.  The government's untimely motion for a continuance is a transparent attempt to buy time so it can develop evidence to support its charge against Wadhwani (ostensibly by trying the Water Plant case first).   Based on a procedural record showing the government's abject lack of diligence in complying with court deadlines and pursuing its claims against Wadhwani, the Court should reaffirm Defendant's right to a speedy trial.

## RELEVANT PROCEDURAL HISTORY

Trial is set for December 3, 2019.  (Doc. 28.)

The government indicted Mr. Wadhwani on October 9, 2019—after it appears the 5-year statute of limitations period may have expired. The Indictment is largely based on allegations from an admitted felon and the kingpin of the Weslaco Water Plant case, Leo Lopez.

In this case, the government claims that Wadhwani allegedly agreed to pay a bribe to Weslaco city officials *after* he received a commitment of $3 million in bank financing and $300,000 in economic development money.

Setting aside this illogical premise, and perhaps because the government lacks evidence to support its case, on November 15, 2019, the government sent counsel an e-mail saying it

---

[1] The success of the hotel was far from certain. The bank had refused to finance the project in 2010 because the country was still feeling the impact of the 2008 recession. Whether there was sufficient demand for more hotel rooms in Weslaco was an open question in 2013.

intended to request a 60-day continuance of trial.  *See* Exh. 1.  The government suggested it preferred to try the Water Plant case before Wadhwani.  *See id*.

Defendant rejected the government's proposal and invoked his right to a speedy trial.

On November 25, 2019—the Monday before the Thanksgiving holiday and approximately a week before trial—the government filed a motion to disqualify Defendant's attorney, Michael Wynne.  The government—by its own admission—has been aware of the alleged conflict at issue since at least April 2019.  *See* Mot. at 3 ("Wadhwani was subsequently interviewed by FBI in April of 2019 regarding the Motel 6 project.  After the interview, counsel for the Government was notified that Wadhwani had retained the services of Wynne.").  Despite its knowledge, the government did not move to disqualify Wynne on or before the deadline set by the Court for all motions, which was October 29, 2019.  (Doc. 28.).  Instead, it waited until a week before trial to file its motion.

On November 29, 2019—four days before trial—the government filed for a continuance and to designate this case as "complex."  The "Facts" section in the government's motion cites four different dates in October 2019 as triggers for the government's requested continuance— October 8, 9, 10, and 11, 2019.   *See* Mot. at 1-2.[2]  Thus, the government knew of its alleged bases for a continuance *before* the Court's October 29, 2019 deadline for motions and the November 18, 2019 deadline to file for a continuance.  And yet the government sat on its hands.

In the government's latest attempt to delay the trial, it now claims that this case should be designated as "complex."  But the government makes this claim based on facts related to the Water Plant case.  That case involves allegations of $20 million in cost overruns related to bribes—more than 1,777 times the alleged amount of the bribe at issue in this case.  The

---

[2] The government's motion for continuance omits page numbers.  Defendant's citation to page numbers is thus based on counting the pages.

government cites to 125,000 documents at issue in the Water Plant investigation as a basis to designate this case as "complex"—but it omits the fact that the evidence turned over by the government to the defense in *this* case totals a single file folder (not even a banker's box).  In fact, at the hearing on Defendant's motion to modify his bond conditions (which Defendant won), the government told the defense (i) that there was hardly any paper evidence, (ii) that it intended to call 5 or 6 witnesses, and (iii) that it expected its case-in-chief to last 2.5 days.

This is a simple, not a complex case.

As some point just after the expiration of the statute of limitations, the government subpoenaed phone records related to Defendant's e-mail accounts. In its motion for a continuance, the government misleadingly states that it "has been notified by counsel for Defendant, Wadhwani, that privileged material may exist in his client's e-mail account." *See* Mot. at 3.  To the contrary, the government verbally told defense counsel that it had subpoenaed the records and was conducting an independent privilege review weeks ago, which prompted Defendant to send the government a privilege waiver to spur the document production. *See* Exh. 2.  Despite the waiver, the government has refused to produce the documents—and now attempts to use its noncomplaince as a pretext to continue trial.

Finally, the government argues that trial should be continued for at least 30 days because Defendant filed several pretrial motions on October 29, 2019.  But the Scheduling Order issued by the Court set a deadline for the government to file its responses to Defendant's motions as November 18, 2019.  The government missed this deadline and filed nothing.

**ARGUMENT**

**1. Granting the government's untimely motion will jeopardize Wadhwani's right to a Speedy Trial.**

The Sixth Amendment states that "in all criminal prosecutions, the accused shall enjoy the

right to a speedy and public trial." *See* U.S. Const. amend. XI.  The Sixth Amendment provides criminal defendants with an absolute right to a speedy trial and prevents the government from arbitrarily dragging out the criminal process to the detriment of the accused.  In *United States v. Ewell*, the Court stated that the Speedy Trial Clause is "an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibility that long delay will impair the ability of an accused to defend himself." *See United States v. Ewell*, 383 U.S. 116, 120 (1966); *United States v. Stephens*, 489 F.3d 647 (5th Cir. 2007) (holding the Speedy Trial Act is designed to protect a criminal defendant's constitutional right to a speedy trial and to serve the public interest in bringing a prompt resolution to criminal proceedings).

In *Bloate v. United States*, 559 U.S. 196 (2010), the Supreme Court held that the Speedy Trial Act requires that a criminal defendant's trial commence within 70 days after he is charged or makes an initial appearance, whichever is later. The defendant is entitled to dismissal of any charges against him if that deadline is not met. *See* Speedy Trial Act of 1974 (Speedy Trial Act or Act), 18 U.S.C §3161 et seq., at §3162 (a) (2).

Here, Wadhwani was Indicted on October 9, 2019.  Using that date, the Act requires that Wadhwani's trial commence by December 18, 2019.  However, the Act provides for tolling of 50 days based on the motion practice and hearing dates in this case. Building 50 days into the Speedy Trial calculation, Wadhwani is entitled to trial no later than Tuesday, January 21, 2020.

In order set trial after this date, the Court must make a finding that the ends of justice outweigh the best interests of the public and the defendant to a speedy trial. 18 U.S.C. §3161(7)(A). The Speedy Trial rules as delineated in §3161 prevent a court from granting a continuance because of court congestion or the lack of diligence by the government in preparing its case. *See*

§3161(7)(C).

The record before the Court shows a lack of diligence by the government in almost every aspect of its investigation and prosecution of this case.

1. **The government's lack of diligence and disregard for the Scheduling Order is a basis to deny its motion for continuance.**

The procedural history illustrates the government's lack of diligence in prosecuting this case and supports the conclusion that it is not entitled continue the trial setting after the deadline for a Speedy Trial.  The record shows that the Indictment was issued at or after the deadline for limitations and 5 years after the events in question.  The Indictment leaves serious questions unanswered.  The government failed to file a single motion at the October 29, 2019 motion deadline.  It then failed to file a single response to Wadhwani's motions by the November 18, 2019 response deadline.

Despite clearly wanting a continuance, the government did not request a continuance by the November 18, 2019 deadline set in the Scheduling Order.  After telling Wadhwani's attorney, Michael Wynne, that it was unconcerned with his prior representation of Daniel Garcia in the Spring of 2019, the government reversed course and filed a motion to disqualify Wynne based on alleged conflicts just a week before trial.  Finally, a mere four days before the December 3, 2019 trial setting, the government filed a motion for continuance—after Wadhwani's trial team expended countless hours of work over the Thanksgiving holiday week preparing for trial.  The government continues to try and reset this case for after the Weslaco Water Plant trial precisely because it hopes to discover evidence to support its claims against Wadhwani through facts and testimony related to the Water Plant.  That is no basis to continue this trial.  Moreover, press accounts of the proceedings in the Water Plant trial, including the impact of the actions of the

defendants in that case on water rates and the city's finances in the long term threaten to poison the venire panel called in a later trial of Wadhwani.

Based on the government's lack of diligence, Wadhwani asks this Court to reaffirm his right to a Speedy Trial, deny the government's motion for a continuance, or alternatively, to reset the trial for no later than January 21, 2020.

**2. The public welfare is jeopardized and Wadhwani's businesses damaged with each passing month of delay.**

The government's delay prejudices Wadhwani.  He is a highly-regarded member of the Rio Grande Valley community and a respected businessman in the local and Indian communities. Since the start of the government's investigation, Wadhwani has suffered severe anxiety and depression.  *See Ewell*, 383 U.S. at 120. The government's harried Indictment has damaged his reputation in the community and put his current construction projects at risk.

There are over 120 local employees along with over 100 local vendors that rely on the vitality of Wadhwani's businesses.  He is currently managing the construction of a Marriott hotel in San Antonio, Texas.  The hotel was originally scheduled to be completed in November 2019. Because of delays directly caused by the Indictment, project completion is delayed until at least February 2020 at a cost of $85,355.62 per month.  *See* Exh. 3.  As of November 1, 2019, the construction loan for the San Antonio Marriott has gone from interest only to principal and interest, increasing carrying costs by approximately $40,000.00 per month. The increased payments are likely unsustainable if the trial  is pushed past the Speedy Trial deadline of January 21, 2019. Further delay will force Wadhwani to divert resources from his other hotels and may lead to forced layoffs for employees.  Thus, the government's lack of diligence is not a simple inconvenience, but instead it presents a real threat to the welfare of Wadhwani's employees and vendors.

**3.   The government's lack of diligence in prosecuting its claims is a violation of Wadhwani's Fifth Amendment due process rights.**

Any further delay violates Defendant's due process rights under the Fifth Amendment. The Supreme Court has recognized that pre-accusation delay caused by the prosecution may result in a violation of a defendant's due process rights.  *See United States* v. *Marion,* 404 U.S. at 324-26.   The Court noted that the, "passage of time, whether before or after arrest, may impair memories, cause evidence to be lost, deprive a defendant of witnesses, and otherwise interfere with his ability to defendant himself."  *United States v. Marion*, 404 U.S. 307, 321 (1971).

Here, the allegations set forth in the Indictment concern events that purportedly occurred during the time period between late 2012 2013 and November 2014.  Because the government waited 59 months to present the allegations to a grand jury, the defendant has been prejudiced in his ability to recover evidence to defend himself—including financial documents, email communications, and phone communications.  The witnesses that the government relies upon are being asked to testify about specific facts and conversations that occurred five to six years ago. Memories have faded. The details of these alleged conversations are at the heart of Wadhwani's ability to defend himself—but many witnesses simply cannot readily  remember what happened over five years ago. The government's continued efforts to further delay this case only exacerbates the fading of memory and further compromises Wadhwani's ability to mount a viable defense.

### CONCLUSION & PRAYER

Based on a clear record of the government's lack of diligence in prosecuting this case, Wadhwani asks this Court to reaffirm his right to a Speedy Trial, deny the government's motion for a continuance, or alternatively, to reset trial for no later than January 21, 2020.  Wadhwani further requests that the Court grant him all such further relief, in law and equity, to which he is justly entitled.

December 1, 2019.

McAllen, Texas.

Respectfully submitted,

GREGOR|CASSIDY|WYNNE PLLC

By: */s/ Michael Wynne*
Michael Wynne
Texas State Bar No. 00785289
Shannon Drehner
Texas State Bar No. 24074155
909 Fannin Street, Suite 3800
Houston, TX 77010
Telephone: (281) 450-7403
Fax: (713) 759-9555
mwynne@gcfirm.com
shannon@drehnerlaw.com

David G. Oliveira
ROERIG, OLIVEIRA & FISHER, L.L.P.
506 East Dove Drive
McAllen, TX 78504
Telephone: (956) 393-6300
Fax: (956) 386-1625
doliveria@rofllp.com

***Attorneys for Defendant Sunil Wadhwani***

## CERTIFICATE OF SERVICE

This is to certify that on December 1, 2019, a true and correct copy of this motion was served on all parties of record via ECF.

By: */s/ Michael J. Wynne*
Michael J. Wynne