IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| VS. | § | Case No. M-19-1995-02 |
| | § | |
| | § | |
| SUNIL WADHWANI | § | |

### MOTION TO DISMISS FOR VIOLATION OF WADHWANI'S RIGHT TO A SPEEDY TRIAL UNDER THE SIXTH AMENDMENT AND 18 U.S.C. § 3161

TO THE HONORABLE JUDGE OF SAID COURT:

SUNIL WADHWANI ("Wadhwani"), by and through his attorneys of record, Michael J. Wynne and Shannon M. Drehner in the above styled and numbered cause, files this motion to dismiss the charges against him based on the Government's failure to provide a speedy trial as required by the Sixth Amendment of the United States Constitution and 18 U.S.C. § 3161, the Speedy Trial Act. The conduct constituting the commission of the offense underlying the charges in the Indictment was allegedly completed on November 3, 2013. The matter remained in repose until October 9, 2019, when the Grand Jury for the United States District Court for the Southern District of Texas, McAllen Division, filed the Indictment initiating the prosecution of Case No. 7:19-CR-1995 (DE-11, pp. 1, 13).[1] The case was originally scheduled for trial on December 2, 2019, but was continued when the Government filed an untimely motion for continuance and a motion to disqualify Mr. Wadhwani's counsel of choice. The Government filed its motions after Mr. Wadhwani refused to agree to a sixty-day continuance and invoked his right to a speedy trial.

The Speedy Trial Act, 18 U.S.C. § 3161(c)(1) mandates that trial of a case commences

---

[1] "DE" refers to the district clerk's docket entries.

within seventy days after the filing of an indictment. More than seventy days have passed since the Indictment was filed. Moreover, the pretrial motions timely filed by Mr. Wadhwani could have been resolved before the expiration of the seventy-day period save for the Government's untimely motions and should not toll the time for trial more than thirty days. 18 U.S.C. § 3161(h)(1)(F). Mr. Wadhwani invokes his constitutional and statutory right to a speedy trial and moves this Court for an Order dismissing Case No. 7:19-CR-1995 under the authority of 18 U.S.C. § 3162.

## I.

## **PROCEDURAL HISTORY**

On October 8, 2019, FBI Special Agent Jason Malkiewicz filed a Criminal Complaint charging Mr. Wadhwani with conspiracy to commit wire fraud and wire fraud in violation of 18 U.S.C. § § 1343, 1346, and 1349. (DE-1). One day later, on October 9, 2019, an arrest warrant was issued authorizing Mr. Wadhwani's arrest. (DE-4).

Mr. Wadhwani's attorney filed a notice of appearance on October 9, 2019 and appeared with Mr. Wadhwani for his detention hearing. (DE-7). The Grand Jury filed the Indictment on October 9, 2019. The magistrate judge scheduled trial for December 2, 2019. The judge ordered the parties to file motions by October 29, 2019 and to file responses and motions for continuances by November 18, 2019 respectively. (DE-22). The pre-trial conference was set for December 2, 2019. (DE-28).

On October 25, 2019, Mr. Wadhwani's co-defendant, Ricardo Quintanilla, filed the following motions: Motion for Extension of Time to File Pre-Trial Motions, Motion for Pretrial Notice of 404(b) Evidence, Motion for Production of Impeaching Evidence, Motion to Adopt Motions of Co-Defendant. (DE-29, 32, 33, 34, 35).

On October 29, 2019, Mr. Wadhwani filed the following motions: Motion for Pretrial

Notice of Rule 404(b) Evidence, Motion to Disclose Agreements between United States and Witnesses, Motion to Adopt Co-Defendant's Motions, Motion for *Jenck's Act* Material, Motion for *Brady* Materials, Motion for Disclosure of Confidential Informants, Motion to Modify Conditions of Pretrial Release, Motion to Dismiss, Motion in Limine, and Motion for *James Hearing*. (DE-36 to 45). Mr. Wadhwani filed an additional Motion to Modify Conditions of Pretrial Release on November 6, 2019. (DE-49).

On November 8, 2019, during a hearing on Mr. Wadhwani's Motion to Modify Conditions of Pretrial Release, the Government cited a "potential conflict of interest." At the conclusion of the hearing, the magistrate judge modified the conditions of release. The modifications referred specifically to Mr. Wadhwani's communications with Mssrs. Singh and Uttamchandani. The magistrate judge entered an Order reflecting these modifications on November 8, 2019. (DE-50).

Without seeking leave to extend the time for filing pretrial motions beyond the October 29, 2019 deadline or the November 18, 2019 deadline for filing responses or motions for continuances, on November 26, 2019, the Government filed a Motion for Appointment of Conflict Counsel and a Motion to Designate the Case as Complex. (DE-52 to 55). On December 2, 2019, Mr. Wadhwani responded to the Government's untimely motions with a detailed Response to the Motion for Appointment of Conflict Counsel consolidated with a Motion to Compel Discovery and a separate Motion to Sever the Case for Trial. (DE-56, 58, 59, 60). In his response in opposition to the Government's motion, Mr. Wadhwani pointedly noted that the untimeliness of the Government's motion adversely affects his constitutional and statutory right to a speedy trial.

The Court appointed Assistant Federal Public Defender Richard Gould as conflict counsel and set a status conference for January 3, 2020. (DE-61). The Court held a status conference on January 3, 2020 and set a motion hearing for February 12, 2020. Because the conflict issue remained unresolved on February 12, 2020, the Court rescheduled the matter to March 4, 2020.

## II.

## AUTHORITIES FOR DISMISSAL

**A.   THE SIXTH AMENDMENT RIGHT TO A SPEEDY TRIAL**

The Sixth Amendment provides that in criminal prosecutions, a defendant shall enjoy the right to a public and speedy trial. *United States v. Molina-Solorio*, 577 F.3d 300, 303 (5th Cir. 2009). The only remedy for the denial of the right to a speedy trial is dismissal of the indictment. *Id.*, at 303 (citing *Barker v. Wingo*, 407 U.S. 514 (1972)). A district court's determination of a defendant's assertion that he has been denied his constitutional right to a speedy trial turns on the balancing of four factors: (1) the length of the delay, (2) the reasons for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) prejudice to the defendant. *Id*. The *Barker* inquiry is a "difficult and sensitive balancing process and a constitutional deprivation may be found without mechanical factor counting." *Molina-Solorio*, 577 F.3d at 305.

A defendant's constitutional right to a speedy trial attaches after the defendant is charged. *United States v. Garza*, 502 F. Supp. 537, 540 n. 3 (S.D. Tex. 1980) (citing *Dillingham v. United States*, 423 U.S. 64 (1975)). Acknowledging that Mr. Wadhwani's right did not attach until October 9, 2019, and only five months have passed since the Grand Jury returned the indictment, he nevertheless contends that the prejudice he has suffered since the prosecution was initiated far outweighs the length of the delay and the Government's reasons for the delay.

The Supreme Court has observed that preindictment delay violates a defendant's due process rights under the Fifth Amendment. "The passage of time, whether before or after arrest may impair memories, cause evidence to be lost, deprive a defendant of witnesses, and otherwise interfere with his ability to defend himself." *United States v. Marion*, 404 U.S. 307, 321 (1971). Delay in trial exacerbates this prejudice by generating additional prejudice to the community.

Almost six years have passed since the commission of the alleged offense was completed.

4

In the interim, the Motel 6 project, as well as the Taco Palenque project, the matters at the center of the Government's allegations, have been in operation for five years and have generated approximately $1,600,000 in sales/occupancy taxes and $200,000 in property taxes in addition to the employment of more than seventy Rio Grande Valley citizens. The pendency of the instant charge has given rise to a potential lawsuit for breach of contract with the City of Weslaco notwithstanding the benefits generated by Mr. Wadhwani and his company to the community.

In addition, two banking institutions, Lonestar National Bank and Vantage Bank are not working with Mr. Wadhwani until the matter is resolved. Both institutions are not willing to renew loans beyond one year as opposed to five years or more. One project has been placed on hold because another financial institution (CCRE) will not refinance the project while this case remains unresolved.

Chase Payments advised Mr. Wadhwani that it was closing two of his processing accounts. As a result, Mr. Wadhwani was unable to pay property taxes, accounts payable, and payroll. Mr. Wadhwani was able meet these obligations in part by securing financing from other sources and by securing release of some of the funds Chase Payments put on hold with the assistance of counsel.

Delay has adversely affected the City of Pharr. The pendency of this case caused Mr. Wadhwani to place the development of a 75,000 square foot Warehouse Project on hold. Continued delay will result in the loss of prospective tenants who had previously committed to leasing with Mr. Wadhwani.

Perhaps the most significant prejudice suffered by Mr. Wadhwani during the pendency of this matter lies in its impact on the 109-room, $13,000,000 Marriott TownePlace Suites project being built in the area known as The Rim in San Antonio, Texas. The cost of defending against the allegations in the indictment have forced Mr. Wadhwani to divert time and resources from this

project to his defense. As a result of this diversion of resources, principal and interest payments have become due and Mr. Wadhwani must make payments of more than $80,000 a month without the production of any income from the project.

Travel restrictions incurred by the pendency of this matter have made it impossible for Mr. Wadhwani to attend a G6 Hospitality Advisory Council meeting in Dallas as well as New Owner Seminars and Orientation with Marriott International in New York. These restrictions inhibit Mr. Wadhwani's ability to manage these projects and continue to generate revenue for his community and his employees.

Mr. Wadhwani and his wife are active philanthropists. They annually sponsor a golf tournament benefitting the Yaqui Animal Rescue, a no-kill shelter. The pendency of this litigation is expected to constrain the generosity of long-time supporters. In short, the public's interest in the prompt and speedy resolution of this controversy is adversely affected by the continued delay.

The conduct underlying the indictment allegedly occurred from April 25, 2013 to November 3, 2014. Here, the passage of time preceding the Indictment not only affects Mr. Wadhwani's right to due process, *see United States v. Marion*, 404 U.S. 307, 321-26 (1971), it exacerbates the prejudice he incurs while awaiting trial. In balancing the *Barker* factors, Mr. Wadhwani contends that the prejudice he has incurred far outweighs the length of the delay and any reasons the Government might proffer for the delay. The Court should issue an order dismissing this case for violation of Mr. Wadhwani's Sixth Amendment right to a speedy trial.

**B. Prescriptions of the Speedy Trial Act**

The Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, generally requires that a trial commence within seventy days from the filing (and making public) of the indictment or from the date the defendant appeared before a judicial officer of the court in which the charge is pending, whichever date last occurs. *United States v. Dignam*, 716 F.3d 915, 920-21 (5th Circuit 2013), 18 U.S.C. §

3161(c)(1). A claim under the Speedy Trial Act differs in some significant ways from a claim under the Sixth Amendment Speedy Trial Clause. Under the Speedy Trial Act, Congress prescribes specific speedy trial rules which are meant to guarantee a trial at least as timely as that guaranteed by the Sixth Amendment. *Molina-Solorio*, 577 F.3d at 305 n.2; *Dignam*, 716 F.3d at 921; and *United States v. Frye*, 372 F.3d 729, 734 (5th Cir. 2004).

Section 3161(h) provides that specific periods of delay will toll the speedy trial clock. Section 3161(h)(1)(D) specifically excludes "any delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(F). In addition, any period of delay resulting from a continuance based on the court's findings "that the ends of justice served by taking such action outweigh the interest of the public and the defendant in a speedy trial," is excluded. 18 U.S.C. § 3161(h)(7)(A). Before any time resulting from an "ends of justice" continuance can be excluded, however, the court must set forth in the record "its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id*.; *Dignam*, 716 F.3d at 921; *Zedner v. United States*, 547 U.S. 489, 498-99 (2006). The court's findings must be made before granting the continuance and must be on the record when the judge grants the continuance.

In deciding whether to grant a continuance under § 3161(h)(7)(A), the Court may consider the following factors among others:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible or result in the miscarriage of justice.
>
> (ii) Whether the case is so unusual or complex due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation of pretrial proceedings or for the trial itself within the time limits established by (the Speedy Trial Act).

> (iii) Whether, in a case in which arrest precedes indictment, delay in filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case, which taken as a whole, is not so unusual or complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant time to obtain counsel, would unreasonably deny the defendant or the government continuity of counsel, or would deny counsel for the defendant or the attorney for the government the reasonable time for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B). An ends of justice continuance gives the court discretion – within limits and subject to specific procedures – to accomplish specific delays for case specific needs. *Dignam*, at 921.

The Scheduling Order directed the parties to file all motions by October 29, 2019; Government responses to Mr. Wadhwani's motions were to be filed by November 18, 2019; and any motions for continuance were to be filed by November 18, 2019. (DE-28). Consistent with the Court's order, Mr. Wadhwani filed the following motions on October 29, 2019:

- Motion for Pretrial Notice 404(b) Material (DE-36),
- Motion to Produce Arrangements Made or Extended to Government Witnesses (DE-37),
- Motion to Join and Adopt Motions (DE-38),
- Motion for Early Production of *Jencks* Act Materials (DE-39),
- Motion for Production of *Brady* and *Giglio* Material and Other Material Favorable to the Accused (DE-40),
- Motion to Disclose Identity of Any and All Government's Confidential Informants (DE-41),
- Motion to Modify Order Setting Conditions or Release (DE-42),
- Motion to Dismiss Based on Government's Misuse of Grand Jury and Motion for Leave, or In The Alternative, To Strike or Exclude Evidence (DE-43),

- Motion in Limine Requesting Cautionary Instruction Regarding Cooperating Witnesses Relating to the Weslaco Water Treatment Plant (DE-44), and

- Motion Requesting a Determination of the Admissibility of Statements by Alleged Co-conspirators (DE-45).

The Government did not respond to any of the foregoing motions by November 18, 2019, did not file a motion for a continuance before the expiration of the November 18, 2019 deadline, and did not file any motions before the expiration of the October 29, 2019 deadline.

On November 26, 2019, the Government filed a Motion to Disqualify Mr. Wadhwani's attorney based on a putative conflict of interest and a motion for continuance under the authority of 18 U.S.C. § 3161(h)(7)(A), specifically citing the complexity of the case, 18 U.S.C. § 3161(h)(7)(B)(ii). The Court set this motion for a hearing on February 12, 2020; the Court reset this hearing to March 4, 2020.

Any delay "reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court" shall be excluded in computing the time within which a trial shall commence. 18 U.S.C. § 3161(h)(1)(H). "Once a hearing has been held on a motion and all necessary materials submitted to the court, or once a motion not requiring a hearing is filed along with supporting materials § 3161(h)(1)(H) limits excludable time to thirty days." *United States v. Grosz*, 76 F.3d 1318, 1323 (5th Cir. 1996).[2]

Here, the speedy trial clock began to run on October 9, 2019. From that date to March 4, 2020, the date the Court reset the hearing on the Government's motion, 147 days will have passed. The delay resulting from Mr. Wadhwani's motions arguably resulted in at least thirty days of excludable time. Under § 3161(h)(1)(H), 117 arguably non-excludable days have passed since the Indictment was filed. Trial has not commenced. Under the provisions of 18 U.S.C. § 3162(a)(2),

---

[2] Section 3161(h)(1)(J) is now found at 18 U.S.C. § 3161(h)(1)(H).

9

the charges lodged against Mr. Wadhwani in the Indictment should be dismissed with prejudice unless the Government's untimely motions toll the running of the speedy trial clock. Mr. Wadhwani asserts that the untimely filing of the motion effectively precludes a finding that the time from the filing of the motions to the hearing is excludable.

The Government filed its Motion for Disqualification of Counsel and Motion for a Continuance under the authority of 18 U.S.C. § 3161(h)(7)(A) and (B)(ii) on November 29, 2019. If the Government is entitled to an automatic delay, these untimely motions will result in additional excludable delay of ninety-six days – from the date of filing until the date of hearing on March 4, 2020. With the thirty days of excludable time resulting from Mr. Wadhwani's motions, the Government will secure a windfall of 126 excusable days. The Government's failure to timely file its motions in accord with the Court's scheduling order precludes an automatic award of excludable delay. *See Bloate v. United States*, 559 U.S. 196, 204-208 (2010) (holding that time for defendant to prepare pretrial motions is not automatically excludable).

Rule 12 (c) of the Federal Rules of Criminal Procedure provides that a district court may set a deadline for the parties to make pretrial motions. Rule 12(c)(3) provides that if the party fails to make a motion under Rule 12(b)(3) the motion is untimely but allows the court to consider the motion if the party shows good cause. The rule formerly provided that a party waives "any Rule 12(b)(3) defense, objection, or request not raised by the deadline the rule sets under Rule 12(c) or any extension the court provides." *United States v. Hale*, 685 F.3d 522, 532 (5th Cir. 2012). Here, the Government, without any apparent cause, filed its untimely request for a continuance long after the time for seeking a continuance had expired. Although Rule 12 refers to Rule 12(b)(3) motions, there is no reason why the Government should benefit from its untimely filing without being required to show good cause for its delay. To find otherwise would result in a windfall of excludable time effectively abrogating Mr. Wadhwani's constitutional and statutory rights to a

speedy trial.

In his opposition to the Government's tardy motions, Mr. Wadhwani noted that the Government was fully aware of the facts underlying its motions long before the October 29, 2019 deadline for filing motions and the November 18, 2019 deadline for filing motions for continuance. Mr. Wadhwani pointedly noted that, on November 15, 2019, the United States requested a sixty-day continuance and expressed a desire to try the "Water Plant" case first. Mr. Wadhwani opposed the Government's request for a continuance and demanded a speedy trial. Eleven days later, on November 26, 2019, the Government filed its Motion for Continuance and its Motion to Disqualify Counsel. To award the Government a windfall of automatic excludable delay for the filing of motions after the expiration of the court's scheduling order without a motion for leave justifying the late filing, and after Mr. Wadhwani expressly invoked his right to a speedy trial, undermines the purposes of the Speedy Trial Act. Mr. Wadhwani asserts that he is entitled to an order dismissing this case with prejudice.

## III.

## CONCLUSION

Mr. Wadhwani has consistently invoked his Sixth Amendment right to a speedy trial. The prejudice arising from the delay in bringing charges based on conduct that allegedly took place more than six years before the return of the Indictment, exacerbates the prejudice Mr. Wadhwani has suffered since the indictment was filed. Application of the balancing test mandated by *Barker v. Wingo*, *supra*, supports a finding that the prejudice inuring to Mr. Wadhwani's detriment outweighs the delay and the Government's reasons for the delay. Further, the Government has wholly failed to comply with the mandates of the Speedy Trial Act. Mr. Wadhwani is entitled to an order dismissing the indictment.

Mr. Wadhwani respectfully prays this Court grant this Motion to Dismiss based on the

violation of the Speedy Trial Act.

Dated: February 27, 2020

        Respectfully submitted,

        GREGOR | WYNNE | ARNEY, PLLC

        By: */s/ Michael Wynne*
              Michael Wynne
        Attorney at Law
        State Bar No. 00785289
        James Turner
        Attorney at Law
        State Bar No. 20316950
        909 Fannin Street, Suite 3800
        Houston, TX 77010
        Telephone: (281) 450-7403
        mwynne@gcfirm.com
        jturner@gcfirm.com

        By: */s/ Shannon Drehner*
              Shannon Drehner
        Attorney at Law
        State Bar No. 24074155
        917 Franklin Street, Suite 550
        Houston, Texas 77002

        ROERIG, OLIVEIRA & FISHER, L.L.P.

        By: */s/ David G. Oliveira*
              David G. Oliveira
        506 East Dove Avenue
        McAllen, TX 78504
        Telephone: (956) 393-6300
        Fax: (956) 386-1625
        doliveria@rofllp.com

        COUNSEL FOR SUNIL WADHWANI

## CERTIFICATE OF CONFERENCE

I have conferred with AUSA Robert Lopez. The Government is opposed to this motion.

        By: */s/ Michael J. Wynne*
              Michael J. Wynne

## **CERTIFICATE OF SERVICE**

      This is to certify that on February 27, 2020, a true and correct copy of this motion was served on all parties of record via ECF.

                                                   By: /s/ *Michael J. Wynne*
                                                         Michael J. Wynne